UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANCOIS P. GIVENS, | No. C 07-1448 MHP (pr) |
| Petitioner, | **ORDER** |
| v. | |
| Warden MARTEL, | |
| Respondent. | |

This matter is now before the court for consideration of various matters.

A.   <u>Respondent's Motion To Dismiss</u>

Respondent filed a motion to dismiss on the ground that state court remedies have not been exhausted for most of the claims in the petition. Respondent attached to his motion four petitions petitioner filed in the California Supreme Court that are relevant to the exhaustion question. Petitioner opposed the motion, and made reference to a fifth petition he filed in the California Supreme Court, i.e., a "9-26-07 Petition to Exhaust State Remedies, #S-156832" that was denied on November 14, 2007. Opposition, p. 10. Neither petitioner nor respondent put the petition in Case No. S156832 in the record before this court; its absence prevents this court from determining whether any claims were exhausted by presentation in that petition. The motion to dismiss therefore is DENIED. (Docket #26.) This denial is without prejudice to respondent filing a new motion to dismiss that includes discussion of whether the petition in Case No. S156832 exhausted state court remedies for any claim and has attached to it a copy of that petition.

Respondent must file and serve a new motion to dismiss (or a notice that he is of the opinion that such a motion is no longer warranted) no later than **August 1, 2008**. Petitioner must file and serve his opposition brief no later than **September 5, 2008**. Respondent must file and serve his reply brief (if any) no later than **September 26, 2008**. The opposition and motion may not exceed 25 pages in length and the reply may not exceed 15 pages in length.

Petitioner must identify in his new opposition the places in his five filings in the California Supreme Court where he presented his claims to that court to exhaust them. A state prisoner ordinarily does not fairly present a claim to a state court if that court must read beyond a petition or a brief (or a similar document) that does not alert it to the presence of a federal claim in order to find material that does so. Baldwin v. Reese, 541 U.S. 27, 30-34 (2004); see id. (where state petitioner did not claim specifically in brief presented to state supreme court that appellate counsel's performance violated federal law, claim was not fairly presented even though that court had the opportunity to read lower court opinions which could have shown the claim was cast in federal terms); Galvan v. Alaska Dep't of Corr., 397 F.3d 1198, 1201-02 (9th Cir. 2005) (inclusion of federal claim in brief to intermediate appellate court followed by omission of that claim in brief to state's highest court supports inference that petitioner chose not to exhaust the federal claim in state's highest court for strategic reason). In his opposition brief, petitioner explained his efforts to present his claims to the trial court and to the California Court of Appeal, but those efforts are largely irrelevant to the exhaustion question which focuses on the presentation of claims to the California Supreme Court. In his opposition brief to the next motion to dismiss, petitioner must identify the page(s) in his petition(s) to the California Supreme Court where he presented to that court each federal claim he has included in his federal habeas petition. He may make this as simple and straightforward as 11 statements (plus subparts for any claim with subparts) stating, "I exhausted Claim #___ at page # ___ of the Petition in Case No. ____," with the blanks filled in with the appropriate information.

B.  Petitioner's Requests And Motions

Petitioner requests sanctions under Federal Rule of Civil Procedure 11 against respondent and his attorney. Petitioner aggregates the alleged misdeeds of various employees of the California Department of Corrections and Rehabilitation and various employees of the California Attorney General's Office, and aggregates complaints about problems he has experienced in this case as well as in other actions pending or planned to try to show a pattern of misbehavior. His presentation falls far short of showing conduct by respondent or respondent's counsel in this action that warrants Rule 11 sanctions. The request for sanctions is DENIED. (Docket # 24.)  To the extent petitioner wants to file an action for denial of access to the courts (e.g., based on any limits on legal property at a prison), he may file a civil rights action in the proper venue after exhausting administrative remedies. He also should bear in mind that he has to have suffered an actual injury in order to establish a claim for a denial of access to the courts. See Lewis v. Casey, 518 U.S. 343, 350-51 (1996).

Petitioner filed a motion for leave to file a supplemental brief on habeas (docket # 32), but later moved to withdraw that motion (docket # 36). The motion for leave to file a supplemental brief therefore is DISMISSED as moot. (Docket # 32.)

Petitioner's request for preliminary injunction and protective order is DENIED. (Docket # 21.) Petitioner is in a substance abuse program at the prison in Norco and suspects that correctional staff are listening in on the program sessions. He wants the court to (a) deem the drug counselors in that program to be psychotherapists (even though they apparently are not among the persons listed in the statute), (b) determine that all his statements made in the program to be protected by a state psychotherapist-patient privilege, (c) bar prison staff from monitoring or obtaining in any way communications between petitioner and counselors or other persons participating in group sessions. Injunctive relief may be granted if either of two sets of criteria are satisfied. The "traditional" test requires the movant to: (1) establish a strong likelihood of success on the merits; (2) show the possibility of irreparable injury to the plaintiff if the preliminary relief is not granted; (3) show a balance

3

1 of hardships favoring the movant; and (4) show that granting the injunction favors the public
2 interest.  See Los Angeles Memorial Coliseum Comm'n v. Nat'l Football League, 634 F.2d
3 1197, 1200 (9th Cir. 1980).  The "alternative" test requires that the movant demonstrate
4 either a combination of probable success on the merits and the possibility of irreparable
5 injury, or that serious questions are raised and the balance of hardships tips sharply in his
6 favor.  See Bernhardt v. Los Angeles County, 339 F.3d 920, 925 (9th Cir. 2003).  Petitioner
7 has not made a credible showing that there is any genuine likelihood that state officials are
8 trying to listen to his group therapy sessions to glean information to use in this habeas action.
9 His speculation is not sufficient to persuade the court that the requested relief is necessary to
10 protect his interests during the pendency of this action.  The habeas action challenges only
11 petitioner's conviction and is not the proper place for him to complain about conditions of
12 confinement in the prisons in Norco or Corcoran.  See Kaimowitz v. Orlando, Fl., 122 F.3d
13 41, 43 (11th Cir. 1997), cert. denied, 523 U.S. 1138 (1998) ("A district court should not issue
14 an injunction when the injunction in question is not of the same character, and deals with a
15 matter lying wholly outside the issues in the suit"); Devose v. Herrington, 42 F.3d 470, 471
16 (8th Cir. 1994) ("a party moving for a preliminary injunction must necessarily establish a
17 relationship between the injury claimed in the party's motion and the conduct asserted in the
18 complaint").  If petitioner believes his constitutional rights have been violated by the
19 conditions of confinement at either of those prisons, he may file a civil rights action in the
20 proper venue after he exhausts administrative remedies as to any conditions of confinement
21 claims.

22 Petitioner's re-noticed motion for discovery is DENIED without prejudice to petitioner
23 filing a new motion after the exhaustion issue is resolved.  (Docket # 5, # 39.)  Among other
24 things, the outcome of a motion to dismiss for non-exhaustion may affect the scope and
25 timing of any discovery that might be authorized.

26 Petitioner's requests for judicial notice are DENIED.  (Docket # 38, # 41, # 43.)
27 Petitioner fundamentally misunderstands the function of judicial notice under Federal Rule of
28 Evidence 201.  As the rule explains, a "judicially noticed fact must be one not subject to

4

reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b).  A request for judicial notice is not the place to argue one's case, as petitioner attempts to do in his "re-notice of request for judicial notice" filed May 22, 2008, which argues that a state court judge should have been disqualified.  In that request for judicial notice, petitioner includes a "prayer for relief" that requests this court to (a) judicially notice several San Francisco County Superior Court cases, (b) declare that there was a conflict of interest which should have precluded a particular state court judge from presiding at petitioner's trial or post-trial motions, (c) declare that the conflict of interest rose to the level of a due process violation, and (d) set aside the judgment of conviction.  Petitioner has not submitted a copy of the case files for the superior court cases he wanted judicially noticed.  More importantly, his requests (b), (c) and (d) are nowhere near the kind of facts "not subject to reasonable dispute" as to which judicial notice may be taken.  His requests for judicial notice of cases and statutes also appear to be misguided, as Rule 201 applies to adjudicative facts and not legislative facts.  The difference was explained in the comment to the rule:  adjudicative facts "are simply the facts of the particular case" whereas legislative facts "are those which have relevance to legal reasoning and the lawmaking process, whether in the formulation of a legal principle or ruling by a judge or court or in the enactment of a legislative body."  See Fed. R. Evid. (note to subd. (a) for 1972 proposed rules).  It is unnecessary to request that the court judicially notice California statutes and published cases from California and federal courts as legal precedent; the court routinely considers such legal authorities in doing its legal analysis without a party requesting that they be judicially noticed.  To the extent petitioner wants published or unpublished cases judicially noticed as adjudicative facts, that is of limited value because the court can take notice that such decisions exist, but the court does not take judicial notice that those decisions are correct.  Similarly, the court can take judicial notice of the existence of parts or all of a trial court case file, but the court does not take judicial notice that any statement made therein is true.  Lastly, judicial notice is not a means to have the court obtain

copies of documents in other courts' files and does not relieve a party of the obligation to file in this court the materials he wants this court to consider.

IT IS SO ORDERED.

DATED: July 8, 2008

Marilyn Hall Patel
United States District Judge