UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANCOIS P. GIVENS, | No. C 07-1448 MHP (pr) |
|     Petitioner, | **ORDER GRANTING MOTION TO DISMISS AND REQUIRING ELECTION BY PETITIONER** |
|     v. | |
| MATTHEW MARTEL, warden, | |
|     Respondent. | |

## INTRODUCTION

Francois P. Givens, formerly a prisoner of the State of California and now apparently on parole, filed this pro se action seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Givens has filed a motion for waiver of the PACER fees, which the court will deny. Respondent has filed a motion to dismiss. For the reasons discussed below, the motion to dismiss will be granted and Givens will be required to choose what to do about the unexhausted claims in his petition.

## BACKGROUND

Givens was convicted in San Francisco County Superior Court of attempted voluntary manslaughter, willful infliction of corporal injury resulting in traumatic injury upon a cohabitant, and assault with a deadly weapon. Several sentence enhancement allegations were found true. On December 20, 2002, he was sentenced to eight years in state prison.

Givens appealed. The California Court of Appeal reversed the attempted voluntary manslaughter conviction but otherwise affirmed the judgment. The California Supreme Court denied his two petitions for review.

Givens also filed several unsuccessful collateral challenges in the California Supreme Court. He filed a petition for writ of mandate on February 21, 2006, <u>Givens v. First Appellate District</u>, No. S141229. He filed a petition for review on November 3, 2006, challenging the California Court of Appeal's denial of his motion to recall the remittitur, <u>People v. Givens</u>, No. S147841. After he filed the current action, he filed another petition for review on October 1, 2007, <u>Givens v. San Francisco Superior Court</u>, No. S156832.

Givens's federal petition for writ of habeas corpus contains eleven claims: (1) the failure to preserve evidence and to adequately investigate the crime violated his right to due process; (2) the suppression of material evidence by government officials violated his rights under <u>Brady v. Maryland</u>, 373 U.S. 83 (1963); (3) the trial court's finding that he was incompetent violated his right to due process; (4) he was deprived of his Sixth Amendment right to a speedy trial; (5) errors during voir dire violated his Sixth Amendment right to an impartial jury; (6) improper jury instructions violated his rights under the Double Jeopardy Clause; (7) he received ineffective assistance of trial counsel; (8) he received ineffective assistance of appellate counsel; (9) he was deprived of a fair and impartial judge at the hearing on remand and on resentencing; (10) the denial of the recall of the remittitur deprived him of the right to habeas corpus; and (11) California Penal Code § 954 violated his rights under the Double Jeopardy Clause of the U. S. Constitution.

Respondent has moved to dismiss on the ground that state court remedies were not exhausted for several claims. Givens has filed an opposition in which he agrees that some claims are not exhausted, argues that some claims are exhausted and contends that the court should overlook the fact that state court remedies have not been exhausted for some claims.

## DISCUSSION

A. <u>Motion For Waiver Of PACER Fees</u>

Givens filed a "motion for waiver of PACER fees for electronic filing and research," in which he states that he has "registered with the PACER electronic filing system, and seeks to expedite the administration of justice in this matter by performing online research and filing all documents in this and other federal cases, electronically." Motion, pp. 1-2. It

2

appears that Givens has mixed up three different things in his motion: legal database research, ECF, and PACER.  Legal database research includes legal database services such as Westlaw and Lexis.  ECF is the acronym for Electronic Case Filing, a filing system that allows parties to file and serve documents electronically.  PACER is the acronym for Public Access to Court Electronic Records, the system used to view case dockets and documents that have been electronically filed.

The legal databases where most people do legal research are Westlaw or Lexis.  These are private services, for which Givens must pay the fees to use.  The court has no authority to order Westlaw or Lexis to waive the costs of those services.  Even if Givens had been granted leave to proceed as a pauper (which he has not in this action), the expenditure of public funds on behalf of an indigent litigant is proper only when authorized by Congress. See United States v. MacCollom, 426 U.S. 317, 321 (1976); cf. Dixon v. Ylst, 990 F.2d 478, 480 (9th Cir. 1992) (28 U.S.C. § 1915, the in forma pauperis statute does not authorize court to waive fees or expenses of witnesses).  A litigant who cannot access Westlaw or Lexis may use a public law library to conduct his legal research.

There are no fees to be waived for use of ECF.  To the extent Givens wants to use ECF, he should consult the court's public website, www.cand.uscourts.gov, click on the "ECF" link, and register himself if he has the necessary computer and internet access equipment.  Once he has done that he may file a motion to have this case deemed an e-filing case.  If the case is deemed an e-filing case, all documents (orders and motions) will be served on him only electronically (and no paper copy will be sent to him).  As an ECF litigant, he may view and download any order or motion filed by an opponent in the case once without charge.  There are no fees to be waived for participation in the ECF program. Use of the ECF program would not "expedite the administration of justice in this matter."

The cost of using PACER is very modest, i.e., eight cents per page to download documents, with a maximum of $2.40 per document.  As a non-ECF litigant, Givens already receives a paper copy of every document filed by respondent, and a paper copy of every order in this case.  If he was an ECF litigant (as mentioned in the previous paragraph), he

3

1   would be able to download one copy of any order or motion without charge.  PACER
2   apparently would be of value primarily to look at case files where he is not a litigant or at
3   least is not in the e-filing program.  PACER's very modest payment structure exists because
4   there are some costs associated with operating the system, as explained on the PACER
5   website.  Givens has not shown why he needs free access to PACER under the
6   circumstances, and the court will not give him carte blanche to access through PACER the
7   documents filed not only in his case but in thousands of cases throughout the federal court
8   system.  Whether using it for free or by paying the modest cost normally associated with it,
9   using PACER would do nothing to expedite the administration of justice in his action.  For
10  these reasons, the motion for a waiver of fees is DENIED.  (Docket # 56.)

11  B.      <u>Motion To Dismiss</u>

12          Prisoners in state custody who wish to challenge collaterally in federal habeas
13  proceedings either the fact or length of their confinement must first exhaust state judicial
14  remedies, either on direct appeal or through collateral proceedings, by presenting the highest
15  state court available with a fair opportunity to rule on the merits of each and every claim they
16  seek to raise in federal court.  <u>See</u> 28 U.S.C. § 2254(b),(c); <u>Rose v. Lundy</u>, 455 U.S. 509,
17  515-16 (1982); <u>Duckworth v. Serrano</u>, 454 U.S. 1, 3 (1981).  The exhaustion-of-state-
18  remedies doctrine reflects a policy of federal-state comity to give the state "'the initial
19  "opportunity to pass upon and correct" alleged violations of its prisoners' federal rights.'"
20  <u>Picard v. Connor</u>, 404 U.S. 270, 275 (1971) (citations omitted).

21          The court has compared the several petitions Givens filed in the California Supreme
22  Court with his federal habeas petition and concludes that he did not present to the California
23  Supreme Court several claims.

24          <u>Claims 1, 6, and 10</u>:  The claims for which state court remedies have been exhausted
25  are Claims 1, 6, and 10 in Givens' federal habeas petition.  The parties agree that the
26  exhaustion requirement has been satisfied for these claims.

27          <u>Claims 3, 5, 9, and 11</u>:  The claims for which state court remedies have <u>not</u> been
28  exhausted are Claims 3, 5, 9 and 11.  The court agrees with respondent's assertions that the

4

California Supreme Court has not had a fair opportunity to rule on the merits of these claims.

There are several other claims as to which state court remedies have been exhausted for only parts of the claims.

Claim 2: The contention in the federal petition at pp. 29-35 that there was a Brady violation in that the "government concealed botched police investigation by manufacturing police testimony" has been exhausted. No other part of the claim has been exhausted.

Claim 4: In Claim 4, Givens argues that he was deprived of his Sixth Amendment right to a speedy trial. The claim is not exhausted with regard to the part of the claim that asserts that Givens did not receive a speedy trial. The part of the claim pertaining to the alleged delay in preparation of the record on appeal is exhausted, although that part of the claim arises under the Due Process Clause and not the Sixth Amendment's speedy trial provision.

Claim 7: Claim 7 is an ineffective assistance of counsel claim with seven sub-parts, corresponding to seven alleged mistakes by defense counsel. Six of the seven sub-parts are not exhausted. The only part of the claim that is exhausted is the claim that counsel was ineffective in that he opened the door to introduction of prejudicial prior bad act evidence during the cross-examination of the victim. See Kelly v. Small, 315 F.3d 1063, 1069 (9th Cir. 2003) (prosecutorial misconduct claim was unexhausted because specific instances of misconduct asserted in federal petition were not in the California Supreme Court petition; that court "clearly did not have any opportunity to consider the federal constitutional implications of alleged facts . . . of which it was unaware"), overruled on other grounds by Robbins v. Carey, 481 F.3d 1143 (9th Cir. 2007).

Claim 8: Claim 8 is an ineffective assistance of appellate counsel claim with five sub-parts, corresponding to five alleged mistakes by appellate counsel. Four of the five sub-parts are not exhausted. The only part of the claim that is exhausted is the claim that appellate counsel failed to argue that the jury instructions infected the entire verdict.

Respondent has declined to waive the defense of non-exhaustion. None of Given's arguments for overlooking his failure to exhaust have any merit. He has not shown that the

1 state's highest court would hold the claim procedurally barred under state law, see Castille v.
2 Peoples, 489 U.S. 346, 351-52 (1989), or that there is no state corrective process available to
3 him.  And he has not shown that an evidentiary hearing is need for respondent's motion:
4 determining whether exhaustion has occurred only requires a review of the pleadings in the
5 state's highest court and does not require any further evidentiary production.

Givens' petition contains both exhausted and unexhausted claims and therefore is what is referred to as a "mixed" petition.  See Rhines v. Weber, 544 U.S. 269, 277 (2005).  The court cannot adjudicate the merits of a habeas petition containing any claim as to which state remedies have not been exhausted, such as a mixed petition.  See Rose v. Lundy, 455 U.S. at 522.

Due to a critical one-year statute of limitations on the filing of federal habeas petitions under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), see 28 U.S.C. § 2244(d), the court is reluctant to dismiss the mixed petition (and possibly cause a later-filed petition to be time-barred) without giving Givens the opportunity to elect whether to proceed with just his exhausted claims, or to try to exhaust the unexhausted claims before having this court consider all his claims.  Accordingly, instead of an outright dismissal of the action, the court will allow Givens to choose whether he wants to –

(1) dismiss the unexhausted claims and go forward in this action with only the exhausted claims, or

(2) dismiss this action and return to state court to exhaust all claims before filing a new federal petition presenting all of his claims, or

(3) file a motion for a stay of these proceedings while he exhausts his unexhausted claims in the California Supreme Court.

Givens is cautioned that the options have risks which he should take into account in deciding which option to choose.  If he chooses option (1) and goes forward with only his exhausted claim, he may face dismissal of any later-filed petition.  See 28 U.S.C. § 2244(b).  If he chooses option (2), dismissing this action and returning to state court to exhaust all claims before filing a new federal petition, his new federal petition may be rejected as time-barred.

6

See 28 U.S.C. § 2244(d). If he chooses option (3), he must file a motion in this court to obtain a stay and (if the motion is granted) then must act diligently to file in the California Supreme Court, to obtain a decision from the California Supreme Court on his unexhausted claims, and to return to this court. And under option (3), this action stalls: this court will do nothing further to resolve the case while petitioner is diligently seeking relief in state court.

In Rhines, the U.S. Supreme Court discussed the stay-and-abeyance procedure for mixed habeas petitions. The Court cautioned district courts against being too liberal in allowing a stay because a stay works against several of the purposes of the AEDPA in that it "frustrates AEDPA's objective of encouraging finality by allowing a petitioner to delay the resolution of the federal proceeding" and "undermines AEDPA's goal of streamlining federal habeas proceedings by decreasing a petitioner's incentive to exhaust all his claims in state court prior to filing his federal petition." Rhines, 544 U.S. at 277. A stay and abeyance "is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court," the claims are not meritless, and there are no intentionally dilatory litigation tactics by the petitioner. Id. at 277-78. Any stay must be limited in time to avoid indefinite delay. Id. Reasonable time limits would be 30 days to get to state court, as long as necessary in state court, and 30 days to get back to federal court after the final rejection of the claims by the state court. See id. at 278; Kelly v. Small, 315 F.3d at 1071.

## CONCLUSION

The motion for a waiver of PACER fees is DENIED. (Docket # 56.)

Respondent's motion to dismiss is GRANTED in part. (Docket # 49.) Petitioner must serve and file no later than **March 27, 2009**, a notice in which he states whether he elects to (1) dismiss the unexhausted claims and go forward in this action with only the remaining claims, or (2) dismiss this action and return to state court to exhaust all of his claims before returning to federal court to present all of his claims in a new petition, or (3) moves for a stay of these proceedings while he exhausts his state court remedies for the unexhausted claims. If he chooses Option (1) or Option (2), his filing need not be a long document; it is sufficient

7

if he files a one-page document entitled "Election By Petitioner" and states simply: "Petitioner elects to proceed under option ___ provided in the court's Order Granting Motion To Dismiss And Requiring Election By Petitioner." Petitioner would have to insert a number in place of the blank space to indicate which of the first two options he chooses. If he chooses Option (3), petitioner must file a motion for a stay in which he explains why he failed to exhaust his unexhausted claims in state court before presenting them to this court, that his claims are not meritless, and that he is not intentionally delaying resolution of his constitutional claims. He must serve and file the motion for a stay no later than **March 27, 2009**. If petitioner does not choose one of the three options or file a motion by the deadline, the court will dismiss the unexhausted claims.

IT IS SO ORDERED.

DATED: February 10, 2009

_____
Marilyn Hall Patel
United States District Judge