```
                                                FILED
                                                APR 10 2009
                                                RICHARD W. WIEKING
                                                CLERK, U.S. DISTRICT COURT
                                                NORTHERN DISTRICT OF CALIFORNIA
```

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANCOIS P. GIVENS,<br><br>Petitioner,<br><br>v.<br><br>MATTHEW MARTEL, warden,<br><br>Respondent. | No. C 07-1448 MHP (pr)<br><br>**ORDER TO STAY PROCEEDINGS AND ADMINISTRATIVELY CLOSE CASE** |

Petitioner filed a pro se petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 to challenge his conviction in San Francisco County Superior Court. The court earlier granted respondent's motion to dismiss, finding that the petition had claims for which state court remedies had not been exhausted. The court ordered petitioner to choose whether to dismiss the unexhausted claim, or dismiss the entire petition, or seek a stay of these proceedings so that he could exhaust his unexhausted claims. Petitioner then filed an "election by petitioner" notifying the court that he wanted a stay and abeyance of these proceedings so that he could return to state court to exhaust his unexhausted claims. He also filed a motion to amend, seeking to amend his petition to delete unexhausted claims – relying on outdated authority for the proposition that a petitioner had to amend to delete the unexhausted claims while he tried to exhaust them.

Upon due consideration, the court GRANTS petitioner's motion to stay and hold these proceedings in abeyance. (Docket # 62.) Liberally construing the motion, it appears that petitioner has shown good cause for his failure to exhaust the claims before filing this action, the claims do not appear patently meritless, and there does not appear to be any intentionally

1  dilatory litigation tactic by petitioner. See Rhines v. Weber, 544 U.S. 269, 277-78 (2005).

2  This action is now STAYED and the clerk shall ADMINISTRATIVELY CLOSE the
3  action. Nothing further will take place in this action until petitioner exhausts the
4  unexhausted claims and, within thirty days of doing so, moves to reopen this action, lift the
5  court's stay and proceed with consideration of his habeas petition. When he finishes in state
6  court and moves to reopen, petitioner must clearly identify each claim that has been
7  exhausted in state court.

8  Petitioner must act diligently to get his state court petition filed and promptly return to
9  federal court after his state court proceedings have concluded. If petitioner does not return
10 within thirty days of exhausting the unexhausted claims, the action or the unexhausted claims
11 may be dismissed. See id.; Kelly v. Small, 315 F.3d 1063, 1071 (9th Cir.), cert. denied, 538
12 U.S. 1042 (2003). Petitioner also must exercise continuous diligence during the exhaustion
13 process in the state courts. Imposing these time limits for petitioner to expeditiously get to,
14 through, and back from state court furthers the AEDPA's goals of encouraging finality of
15 judgments and streamlining federal habeas proceedings. See Rhines, 544 U.S. at 278.

16 Finally, the motion to amend the habeas petition is DENIED as unnecessary. (Docket
17 # 63.) Although it was the practice in years past to amend to dismiss unexhausted claims, it
18 is now unnecessary for a petitioner to delete the unexhausted issues before the court issues a
19 stay. Jackson v. Roe, 425 F.3d 654, 659-61 (9th Cir. 2005); see also Rhines, 544 U.S. at 277.
20 The amended petition filed at docket # 64 is of no effect.

21 IT IS SO ORDERED.
22 DATED: April 9, 2009

Marilyn Hall Patel
United States District Judge