UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANCOIS P. GIVENS, | No. C 07-1448 MHP (pr) |
| Petitioner, | **ORDER DENYING PETITIONER'S MOTIONS FOR DISCOVERY AND TO UNSEAL STATE COURT RECORDS** |
| v. | |
| MATTHEW MARTEL, Warden, | |
| Respondent. | |

Petitioner filed a pro se petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 to challenge his 2002 San Francisco County Superior Court conviction. The case was stayed to allow him to exhaust state court remedies as to several unexhausted claims. Upon being informed that petitioner had completed exhaustion, the court reopened the case, permitted petitioner to file a first amended petition, and ordered respondent to show cause why the first amended petition should not be granted. Respondent has filed an answer, and petitioner has responded with a traverse. After the case was thus fully submitted, petitioner filed two motions, one for discovery of "newly discovered evidence," and one to "unseal state court records."

The motion for discovery is supported by a document headed (after petitioner corrected the caption in an errata filing) "Attachment to Request for Discovery." In it petitioner provides copies of (1) what appears to be a media article from an unidentified source about a scandal in the San Francisco drug laboratory, (2) two articles from the San Francisco Chronicle about the San Francisco District Attorney's office's failure to provide defense counsel with potential impeachment evidence about police officers' records, and (3)

1   a copy of a letter from an officer involved in this case, James Gratz, that appears to have
2   been printed by an unidentified publication.  In the letter Gratz describes his attempts to help
3   alcoholic homeless people, claims that those efforts led to a lawsuit against the city, and says
4   he had been ordered to sensitivity training as a result of his actions.

5   Petitioner contends that Gratz's misconduct that led to his being required to attend
6   sensitivity classes was not revealed to the defense at trial.  He asks that he be allowed to
7   conduct discovery to obtain the personnel files of all officers who were involved in his case,
8   and to seek the criminal and misconduct records of those officers.

9   A habeas petitioner, unlike the usual civil litigant in federal court, is not entitled to
10  discovery as a matter of ordinary course.  Bracy v. Gramley, 520 U.S. 899, 904 (1997).
11  However, Rule 6(a) of the Federal Rules Governing Section 2254 Cases, 28 U.S.C. foll. §
12  2254, provides that a "judge may, for good cause, authorize a party to conduct discovery
13  under the Federal Rules of Civil Procedure and may limit the extent of discovery."  Before
14  deciding whether a petitioner is entitled to discovery under Rule 6(a) the court must first
15  identify the essential elements of the underlying claim.  See Bracy, 520 U.S. at 904
16  (difficulties of proof aside, petitioner's allegation of judicial bias, if proved, would violate
17  due process clause).  The court must then determine whether the petitioner has shown "good
18  cause" for appropriate discovery to prove his claim.  See id.

19  The evidence that petitioner seeks to uncover here does not go to any claim that is
20  presently in the case.  Petitioner has presented only one Brady claim, a contention that the
21  prosecution failed to reveal the results of a blood alcohol test he believes must have been
22  conducted.  He could seek leave to amend to add a claim that the prosecution withheld
23  Brady evidence that could have been used to impeach the officers – the evidence he seeks
24  leave to discover – but such a claim would be so different from the existing Brady claim that
25  it would have to be exhausted in state court before it could be asserted here.  See Belmontes
26  v. Brown, 414 F.3d 1094, 1117-18 (9th Cir. 2005), rev'd on other grounds, Ayers v.
27  Belmontes, 127 S. Ct. 469 (2007) (exhaustion required only if new factual allegations in
28  federal proceeding "fundamentally alter" the legal claim already considered by the state

2

courts); Kelly v. Small, 315 F.3d 1063, 1067-69 (9th Cir. 2003) (to properly exhaust, specific factual basis of federal claim must be presented to highest state court).  Because any such claim added to the case in its present posture would have to be dismissed as unexhausted, the evidence that petitioner seeks leave to discover would not "'demonstrate that he is . . . entitled to relief . . . .'"  Bracy, 520 U.S. at 908-09 (1997) (quoting Harris v. Nelson, 394 U.S. 286, 299 (1969)).  The motion for discovery (document # 86) is DENIED.

Plaintiff may wish to consider moving for another stay to allow him to exhaust the new issue, but should bear in mind that if such a stay were granted it would delay this case even further.  In so saying, the court expresses no opinion as to whether such a motion would be granted.

In his motion to unseal state court records petitioner does not say whether the sealed records are presently part of the record lodged with this court, does not provide any explanation as to what relevance they might have to his issues here, and does not say why they should be unsealed rather than simply examined by this court in camera, if necessary.  The motion (document # 87) is DENIED.

IT IS SO ORDERED.

DATED:   March 8, 2011.

_____
Marilyn Hall Patel
United States District Judge

3